# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>              Plaintiff,<br><br>   v.<br><br>BC TECH GEAR, and<br>JASON W. HAGEN,<br><br>             Defendants.          / | CASE NO. 1:09cv2094 AWI SKO<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO SERVE AMENDED COMPLAINT |

      This matter is before the Court upon Plaintiff's status report (Doc. 12), which the Court construes as a motion for an extension of time in which to serve the amended complaint upon Defendants. On December 1, 2009, Plaintiff filed a complaint against Defendant BC Tech Gear, alleging, *inter alia*, copyright and trademark infringement. (Doc. 1.) On December 2, 2009, the Court set the initial scheduling conference for March 2, 2010. (Doc. 4.) Plaintiff amended its complaint on February 16, 2010, to include Jason W. Hagen as a defendant doing business as BC Tech Gear. (Doc. 5.)

      On February 23, 2010, Plaintiff filed a status report requesting that the scheduling conference "be continued thirty days to allow time for Mr. Hagen to be served with the First Amended Complaint." (Doc. 7 at 2.) The Court granted Plaintiff's request and continued the scheduling

conference to May 10, 2010. (Doc. 8.) The Court reassigned this matter to the undersigned on April 15, 2010. (Doc. 9.) On April 21, 2010, the Court reset the scheduling conference to May 10, 2010. (Doc. 10.)

Plaintiff failed to file a joint scheduling report seven (7) days before the May 10, 2010, scheduling conference pursuant to the Court's Scheduling Conference Order under Fed. R. Civ. P. 16 and Local Rule 240. The Court, therefore, ordered Plaintiff to file a status report no later than May 5, 2010, regarding the service of the complaint and directed Plaintiff to appear telephonically on May 10, 2010. (Doc. 11.) On May 5, 2010, Plaintiff filed a status report indicating that it "has diligently attempted to have Mr. Hagen served with the Complaint," as it "is unaware of Mr. Hagen's current location and has requested the assistance of a private investigator in Washington in order to locate him for service." (Doc. 12 at 2.) Plaintiff, therefore, "requests an additional 45 days to allow time for it to locate Mr. Hagen and serve him with the First Amended Complaint." (Doc. 12 at 2.) As discussed more fully below, Plaintiff's request is GRANTED IN PART and DENIED IN PART.

**DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009). In order to establish good cause, a plaintiff may be required to show that "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* Neither lack of prejudice by itself nor inadvertence of counsel is sufficient to establish good cause, however. *United States v. 2,164 Watches*, 366 F.3d 767, 773 n.2 (9th Cir. 2004); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam).

Even absent good cause, Rule 4(m) permits the Court to grant an extension of time. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Although district courts have broad discretion to

extend time for service under Rule 4(m), however, that discretion is not limitless. *Id.* at 1041. Factors that the Court may consider in exercising its discretion include a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Id.*

The facts of this case counsel in favor of granting Plaintiff additional time in which to serve Defendants. Since Plaintiff's filing of its initial complaint in December 2009, Plaintiff had "been working diligently to identify the owner of BC Tech Gear" and attempted service of the complaint at an address in Fresno, California, identified in a notice of state tax lien recorded in Fresno County. (Doc. 7 at 1-2.) Plaintiff determined that no entities or persons related to BC Tech Gear were located at that address, however. (Doc. 7 at 2.) Plaintiff subsequently identified Jason W. Hagen in Washington as doing business as BC Tech Gear and amended it complaint to include Mr. Hagen as a defendant.

According to Plaintiff, Mr. Hagen remains ensconced somewhere in Washington. Although Plaintiff has located the address of Mr. Hagen's former business, which is apparently a former residence of his parents, Plaintiff has heretofore been unable to locate him in order to serve the amended complaint. Moreover, despite Plaintiff's earlier notice to Defendants in 2007 and 2009 of Defendants' alleged distribution of counterfeit Microsoft software, Defendants may still be engaging in infringing conduct. (Doc. 5 ¶¶ 20, 24; Doc. 12 at 2.)

In light of the foregoing, delay in this case is the result of neither inadvertence nor neglect by Plaintiff's counsel. Nor is the delay extraordinary. *Cf. Efaw*, 473 F.3d at 1041 (holding that plaintiff's seven-year delay in serving defendant was extraordinary). Rather, Plaintiff has reasonably explained its failure up to this point to serve Defendants. *Cf. id.* ("Plaintiff offered no reasonable explanation for his seven-year failure to serve Defendant. There was no evidence that Defendant attempted to evade service, that she left the state, or that she took any other action that contributed to Plaintiff's delay.") Although there is no evidence in the record that Defendants knew that Plaintiff had filed its amended complaint, Plaintiff had previously notified Defendants of their allegedly infringing conduct. Furthermore, the Court finds that Defendants would suffer little, if any prejudice at this time if the Court granted Plaintiff an extension of time. On the other hand, Plaintiff would be severely prejudiced if its amended complaint were dismissed. Under these circumstances,

3

therefore, good cause exists under Fed. R. Civ. P. 4(m) to extend the time for Plaintiff to serve the amended complaint upon Defendants.

## CONCLUSION

For the reasons stated above, the Court finds that good cause exists to extend the time for Plaintiff to serve the amended complaint. ACCORDINGLY, IT IS ORDERED that

1) The telephonic status conference set for May 10, 2010, at 9:30 a.m. is VACATED;
2) Plaintiff's request for an extension of time in which to serve the amended complaint is GRANTED IN PART and DENIED in PART;
3) Plaintiff shall serve the amended complaint upon Defendants **no later than June10, 2010**; and
4) The Initial Scheduling Conference is reset to **June 24, 2010**, at **9:15 a.m.** The parties are reminded that a joint scheduling conference report must be filed with the Court seven (7) days prior to the June 24, 2010 scheduling conference.

IT IS SO ORDERED.

**Dated:    May 6, 2010**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE