# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JASON W. HAGEN, an individual d/b/a BC TECH GEAR, aka BCMT, INC. and DOUBLETIMEIT; and JOHN DOES 1-5,<br><br>Defendants. | CIV-F-09-2094 AWI GSA<br><br>ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF WASHINGTON |

## I. History

Plaintiff Microsoft Corporation is a software manufacturer headquartered in Redmond, WA.  Plaintiff alleges that Defendant Jason Hagen has been operating two businesses, BC Tech Gear also known as BCMT, Inc. and Doubletimeit, which do business in Fresno, CA and Ridgefield, WA.  Defendant resides in Vancouver, WA.  Plaintiff alleges that Defendant, through his two businesses, sold counterfeit versions of Plaintiff's software from March 2007 through October 2009.  Plaintiff filed suit on December 1, 2009.  The causes of action are federal copyright infringement, federal trademark infringement, federal false designation of origin, and California unfair competition practices.  Defendant has filed a motion to dismiss under Fed. R. Civ. Proc. 12(b)(2), (3), (4), and (6).  Plaintiff filed an opposition.  Defendant did not file a reply.  The matter was taken under submission without oral argument.

## II. Discussion

Defendant seeks dismissal on four grounds: failure to state a claim, insufficient process, lack of personal jurisdiction, and improper venue.  The court need not address all of these arguments as transfer is appropriate in this case.  Defendant states he has "been a resident of and only of Washington state since 2004." Doc. 19, Defendant's Brief, at 3.  The summons was personally served on Defendant at his address, 14434 NW 25th Ct., Vancouver, WA 98685. Doc. 14. "Microsoft is obviously aware that Defendant is pro se and does not object to the transfer of venue to the Western District of Washington if the Court determines that it does not have jurisdiction over the Defendant or that venue is improper or inconvenient in the Eastern District of California." Doc. 21, Microsoft's Opposition, at 11:5-9.

This is a lawsuit between a Plaintiff from Redmond, WA, and a Defendant from Vancouver, WA, both within the bounds of the Western District of Washington.  One of the two companies whose actions are the subject of this suit is located in Ridgefield, WA, which is also within the bounds of the Western District of Washington.  Defendant asserts that the Eastern District of California lacks personal jurisdiction in the matter.  While disagreeing with that conclusion, Plaintiff suggests that transfer may be appropriate.  There is no reason why the case should not be transferred for the convenience of all involved.  "The language of §1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, *whether the court in which it was filed had personal jurisdiction over the defendants or not*." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962), emphasis added.  The District of Hawaii has concluded that "Because this court may transfer venue under either §1404(a) or §1406(a) without regard to whether it has personal jurisdiction over [defendant], this court need not decide the issue of personal jurisdiction before deciding to transfer venue." Kawamoto v. CB Richard Ellis, Inc., 225 F. Supp. 2d 1209, 1211 (D. Haw. 2002).  Similarly, the District of Nevada found, "Because it furthers the purpose of judicial economy, a case may be transferred under §1406(a) even where venue is proper, but where there is no personal jurisdiction over the defendant in the transferor district." Club Vista Fin. Servs., LLC v. Maslon, Edelman, Borman & Brand, LLP, 2010 U.S. Dist. LEXIS 77817, *6 (D. Nev.

July 29, 2010), citations omitted.  The court need not determine whether there is personal jurisdiction or proper venue in the Eastern District of California.

Transfer would be convenient for the parties and is in the interest of justice.  The applicable venue provision states, "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. §1400(a). Plaintiff alleges a federal copyright violation.  Defendant lives within the bounds of the Western District of Washington.  Personal jurisdiction and venue is appropriate in the Western District of Washington.

### III. Order

Defendant's motion to dismiss is DENIED without prejudice to refiling.  The Clerk of the Court is ordered to TRANSFER the case to the Western District of Washington.

IT IS SO ORDERED.

Dated:     August 27, 2010              _____
                                        CHIEF UNITED STATES DISTRICT JUDGE